3IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Paul Cordell, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Trident Asset Management, | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

# COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Paul Cordell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Paul Cordell ("Plaintiff"), is an adult individual residing in Yale, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Trident Asset Management ("Trident") is a Georgia business entity with an address of 5755 Northpoint Parkway, Suite 12, Alpharetta, Georgia 30022, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Defendant at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Trident for collection, or Trident was employed by the Creditor to collect the Debt.

9. Trident attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Trident Engages in Harassment and Abusive Tactics**

10. By letter dated December 13, 2018, Trident contacted Plaintiff in an attempt to collect the Debt.

11. This letter was the first and only communication Plaintiff received from Trident.

12. Trident is currently reporting the Debt as 'open' on Plaintiff's credit report.

13. However, beginning in or around January 2020, TrueAccord Corp. ("TrueAccord"), a different debt collector, contacted Plaintiff in an attempt to collect the Debt.

14. Due to Plaintiff's confusion regarding which company was currently collecting the Debt, Plaintiff contacted Orion, the owner of the Debt, in or around March 2020.

15. In that conversation, Orion told Plaintiff that Trident is no longer handling Plaintiff's account, TrueAccord is the only company handling Plaintiff's account, and that Plaintiff should pay TrueAccord.

16. On or around March 24, 2020, Plaintiff disputed the Trident account with Experian.

17. On March 31, 2020, Experian completed its investigation into Plaintiff's dispute and continues to report the Trident account.

18. To date, Trident continues to attempt to collect the Debt from Plaintiff via credit reporting, when Trident no longer has the authority to collect Plaintiff's Debt.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. In the entire course of its actions, Defendant willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects.

31. Trident violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

32. Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1681 against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 15 U.S.C. § 1681 against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1681 against Defendant;

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

5. Punitive damages against Defendant; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 15, 2020

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Paul Cordell
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com